IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO

| | | |
|---|---|---|
| LARRY J. COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No.: 08 C 227 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| WAL-MART REAL ESTATE BUSINESS | ) | |
| TRUST, WAL-MAT ASSOCIATES, INC., | ) | |
| WAL-MART.COM USA, LLC, | ) | |
| WAL-MART REALTY COMPANY, | ) | |
| WAL-MART STORES EAST, INC. | ) | |
| WAL-MART TRANSPORTATION, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**RULE 26 (a) INITIAL DISCLOSURE OF DEFENDANTS**.

Now come the Defendants, WAL-MART STORES, INC., WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MAT ASSOCIATES, INC., WAL-MART.COM USA, LLC, WAL-MART REALTY COMPANY, WAL-MART STORES EAST, INC., and WAL-MART TRANSPORTATION, LLC (hereinafter "the Wal-Mart Defendants" by their attorneys, MOMKUS McCLUSKEY, LLC, and pursuant to FRCP Rule 26 (a) files its initial disclosure statement as follows:

A.  The name, address and telephone number of each individual likely to have discoverable information relevant to disputed facts alleged with particularly within the pleadings, identifying the subject and the information:

Response:

1.  Eric Hyde c/o Wal-Mart Stores, Inc. #5276, Palatine, IL 847-202-9189

    Subject Matter: Statements made by Plaintiff at the store at the time of the alleged incident;  Appearance, behavior and conduct of Plaintiff at the time of the alleged

    incident. Condition, location and appearance of alleged scene of incident. Policies, procedures and guidelines that govern the subject store.

2.  Holly Crumble c/o Wal-Mart Stores, Inc. #5276, Palatine, IL 847-202-9189

    Subject Matter: Statements made by Plaintiff at the store at the time of the alleged incident; Appearance, behavior and conduct of Plaintiff at the time of the alleged incident. Condition, location and appearance of alleged scene of incident. Policies, procedures and guidelines that govern the subject store.

3.  Plaintiff, Larry Collier

    Subject Matter: Facts of the occurrence; nature and extent of injuries.

B.  A copy of, or a description by category and location of, all documents, data compilations and tangible things in the possession, custody or control of the party that are relevant to disputed facts alleged with particularly in the pleadings.

<u>Response</u>:

1.  Customer Statement and Report of Incident, attached hereto.

2.  Upon information and belief, four (4) photographs of the scene were taken on the date of the occurrence of the location where plaintiff allegedly fell and are currently in the possession of the Defendant's attorneys. Xeroxed copies are attached hereto. A videotape of the entrance was stored, although it is unknown at this time whether plaintiff appears on it or not. Nonetheless, a videotape copy will be provided to plaintiff's attorney.

C.  A computation of any category of any damages claimed by the disclosing party making available for inspection and copying as under Rule 34 of the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.

<u>Response</u>:

    1.    None.

    D:    For inspection and copying as under Rule 34 any insurance agreement.

<u>Response</u>:

Wal-Mart is self-insured for this occurrence.

    E.    The following categories of proceedings are exempt from initial disclosure under Rule 26(a)(1):

- (i) an action for review on an administrative record;
- (ii) a petition for *habeas corpus* or other proceeding to challenge a criminal conviction or sentence;
- (iii) an action brought without counsel by a person in custody of the United States, a state, or a state subdivision;
- (iv) an action to enforce or quash an administrative summons or subpoena;
- (v) an action by the United States to recover benefit payments;
- (vi) an action by the United States to collect on a student loan guaranteed by the United States;
- (vii) a proceeding ancillary to proceedings in other courts; and
- (viii) an action to enforce an arbitration award.

    Respectfully submitted,

    MOMKUS McCLUSKEY, LLC

By: _____
    /s/ Pamela L. Pierro

MOMKUS McCLUSKEY, LLC
30 N La Salle St, Suite 2850
Chicago, IL 60602
(312) 345-1955, (312) 346-8300 Fax
Attorneys for Defendant, Wal-Mart Stores, Inc.
Attorney No.: 6273757

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION AT CHICAGO**

| | | |
|---|---|---|
| LARRY J. COLLIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | Case No.:   08 C 227 |
| | ) | |
| WAL-MART STORES, INC., | ) | |
| WAL-MART REAL ESTATE BUSINESS | ) | |
| TRUST, WAL-MAT ASSOCIATES, INC., | ) | |
| WAL-MART.COM USA, LLC, | ) | |
| WAL-MART REALTY COMPANY, | ) | |
| WAL-MART STORES EAST, INC. | ) | |
| WAL-MART TRANSPORTATION, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**CERTIFICATE OF COMPLIANCE WITH RULE 26(a)**

Now come the Defendants, WAL-MART STORES, INC., WAL-MART REAL ESTATE BUSINESS TRUST, WAL-MAT ASSOCIATES, INC., WAL-MART.COM USA, LLC, WAL-MART REALTY COMPANY, WAL-MART STORES EAST, INC., and  WAL-MART TRANSPORTATION, LLC (hereinafter "the Wal-Mart Defendants") by and through their attorneys, MOMKUS McCLUSKEY, LLC, and pursuant to CDIL-LR 26(A), certifies that Rule 26 initial disclosures have been served by enclosing in an envelope with proper postage fully prepaid and deposited in a U.S. Post Office Mail Box at Chicago, Illinois on the _____ of March 2008, addressed to:

  Bridget A. Mitchell
  One N. LaSalle  St. #1325
  Chicago, IL 60602

                                        MOMKUS McCLUSKEY, LLC

                                        By: _____
                                             Pamela L. Pierro

MOMKUS McCLUSKEY, LLC
30 N La Salle St, Suite 2850
Chicago, IL  60602
(312) 345-1955, (312) 346-8300 Fax
Attorneys for Defendant, Wal-Mart Stores, Inc.
Attorney No.:  6273757