# United States District Court
# Northern District of Illinois

In the Matter of

Larry J. Collier

v.                                    Case No. 08 C 227

Wal-Mart Store, Inc., et al

### TRANSFER OF CASE TO THE EXECUTIVE COMMITTEE FOR A REASSIGNMENT TO MAGISTRATE JUDGE

The above-captioned cause is currently pending on my calendar. I recommend to the Executive Committee that this case be reassigned to the calendar of Magistrate Judge **Jeffrey Cole** pursuant to Local Rule 73.1. Parties have consented to the reassignment as indicated on the reverse of this form.

_____
Judge David H. Coar

Dated: April 30, 2008

---

### ORDER OF THE EXECUTIVE COMMITTEE

IT IS HEREBY ORDERED that the above captioned case be reassigned to the calendar of Magistrate Judge **Jeffrey Cole** of this Court in accordance with the Rules.

### ENTER

### FOR THE EXECUTIVE COMMITTEE

_____
Chief Judge James F. Holderman

Dated: MAY - 2 2008

Reassign/Designated Magistrate Judge (Rev. 9/99)

**Parties have consented to have the designated magistrate conduct:**

- ■ any and all proceedings including entry of a final judgment in accordance with Local Rule 73.1(b).

- ☐ specific proceedings pursuant to 28 USC § 636(c). Where such a reassignment is made, the case shall remain on the calendar of the district judge in accordance with General Rule 73.1(c).

**The content of the consent is specified in the following manner:**

- ■ on the attached form(s).

- ☐ in the pretrial order dated and on file with the Clerk of Court.

Document # 17 - Status Report, - Report of Parties Planning Conference



# Rule 16b Planning Conference Report Format

## United States District Court
### For The Northern District of Illinois
### Eastern Division

Plaintiff

Larry J. Collier

Case Number: 08 C 227

-v-

Judge: David H. Coar

Wal-Mart Stores, Inc., et al

Defendant

## REPORT OF PARTIES' PLANNING CONFERENCE

Pursuant to this court's order, Bridgett A. Mitchell, representing plaintiff(s), and Pamela L. Pierro representing the defendant(s), met on April 24, 2008 and April 28, 2008, pursuant to Rule 26(f) to discuss:

(1) the nature and basis of their claims and defenses;

(2) the possibilities for a prompt settlement or resolution of this case;

(3) to make or arrange for the disclosures required under Rule 26(a)(1); and

(4) to develop a discovery plan.

To that end, the parties propose the following:

A. The issues in this case may be simplified by taking the following steps:

   1. The parties propose that this matter proceed with the normal course of written discovery and deposition discovery.

   B. The following modifications to the discovery requirements of the Federal Rules of Civil Procedure or Local Rules should be made in order to expedite discovery:

   1. None.

   C. Discovery will be needed on the following subjects:

   1. Medical records/ bills of Plaintiff's physicians and disability status.

   2. Liability

   3. Causation of accident

   D. Discovery should/should not be conducted in phases.

   E. Discovery is likely to be contentious and management of discovery should be referred to the Magistrate Judge. Yes _____ No X_____

   F. The parties consent/do not consent to this matter being referred to the Magistrate Judge for final disposition.

   G. The parties have discussed the possibility of alternative dispute resolution and concluded that the parties are amenable to alternative dispute resolution at a future date after fact discovery has been concluded.

   H. The plaintiff is not yet in a position to make a written demand, due to the fact that there outstanding medical bills not yet received and future disability issues. Once plaintiff is aware of the extent of the medical bills, he will be in a position to propound a written demand.

   I. The Court should consider the following methods of expediting the resolution of this matter: non-binding mediation.

_____
Attorney for Plaintiff

_____
Attorney for Defendant

*Judge Coar*
United States District Judge

Format revised: March 15, 1999